CHORMAN'S ADM'R. vs. Q. A. R. R. CO.    417

SYLLABUS.

COMFORT E. CHORMAN'S ADMINISTRATOR *vs.* THE QUEEN
ANNE'S RAILROAD COMPANY.*

*Case—Real Estate; Action for Injuries to—Possession—Vari-
ance—Pleading—Nonsuit.*

Where in an action for injuries to the real estate of the plaintiff's intestate,
caused by water being drained thereon by the defendant from its right of way, the
declaration alleges that the said intestate was in possession of the real estate, and the
evidence shows that her husband alone was in possession, there is a fatal variance and
a nonsuit will be entered.

(*October 17, 1901.*)

LORE, C. J., and GRUBB and PENNEWILL, J. J., sitting.

*Robert C. White* for plaintiff.

*Charles W. Cullen* and *Charles M. Cullen* for defendant.

Superior Court, Sussex County, October Term, 1901.

ACTION ON THE CASE, to recover damages to the real estate of
Comfort E. Chorman by reason of water drained upon her land by
the Queen Anne's Railroad Company from the right of way of the
said railroad company.

After the plaintiff had put in his testimony, the defendant
moved for a nonsuit on three grounds:

*First.* That the action was brought by Comfort E. Chorman
to recover for immediate injuries to real estate, the declaration
alleging "injuries to the property seized in her fee as possessed,"
while according to the proof adduced on the part of the plaintiff,
Comfort E. Chorman was not in possession of the real estate at the
time the suit was brought, but the said real estate was then in pos-

* See case of *Philip H. Chorman vs. Queen Anne's Railroad Company*, p 407

session of her husband, Philip H. Chorman. That there was therefore a fatal variance between the proof and the allegation in the declaration, and the plaintiff was therefore not entitled to recover.

*Jackson vs. Prescott, Maul and Selwyn, 201.*

*Mr. White:*—Without citing any authorities, our answer to the first point raised is this: The proof is that the husband and wife lived together, and while she gave up to him the use of the land, was that not possession in her as well as in him? She was not dispossessed. She did not remove from the land at all, but was there living on the land and her husband had control of it.

LORE, C. J.:—He testified from the stand that he alone was in possession of it. You allege that Comfort E. Chorman alone was in possession.

Let a nonsuit be entered.